NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------
In re:                                          :
                                                :       Chapter 11
                                                :
CHET DECKER, INC., d/b/a                        :
THE NEW DECKER DODGE,                           :       Case No.: 04-15223 (DHS)
                                                :
         Debtor.                                :
_____         :
                                                :
STEVEN Z. JURISTA, Trustee,                     :
                                                :
         Plaintiff,                             :       Civ. No. 06-3658 (DRD)
                                                :
         v.                                     :
                                                :
FAIRWAY DODGE, L.L.C.,                          :       **O P I N I O N**
                                                :
         Defendant.                             :
                                                :
---------------------------------------------------

Scott S. Rever, Esq.
WASSERMAN, JURISTA & STOLZ
225 Millburn Avenue
Suite 207- P.O. Box 1029
Millburn, New Jersey 07041

*Attorneys for Plaintiff Steven Z. Jurista*


Michael D. Malloy, Esq.
FINESTEIN & MALLOY, L.L.C.
26 Main Street
Chatham, New Jersey 07928

*Attorneys for Defendant Fairway Dodge, L.L.C.*

1

**DEBEVOISE, Senior District Judge**

## I. PROCEDURAL HISTORY

On February 18, 2004, Chet Decker Dodge, Inc., d/b/a The New Decker Dodge (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Case"). On April 16, 2004, the Honorable Donald H. Steckroth entered an order: (1) approving procedures for the sale of substantially all assets of the estate; (2) approving procedures for assumption and assignment of executory contracts and unexpired leases; (3) scheduling an auction sale and setting a hearing to approve the sale; and (4) approving the form and manner of the notice of sale (the "Bid Procedures Order").

On May 5, 2004, an auction was conducted pursuant to the Bid Procedure Order, and thereafter the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") entered an order dated May 11, 2004 approving the sale of Debtor's assets (the "Sale Order").

On February 3, 2006, Steven Z. Jurista, the Chapter 11 Trustee appointed in the Bankruptcy Case ("Trustee" or "Plaintiff"), filed an adversary proceeding against Fairway Dodge, L.L.C. ("Fairway" or "Defendant") (the "Complaint").[1] The Complaint alleges that Defendant was "subject to a contractual and Court Ordered obligation to purchase the assets of the within Estate, pursuant to Order of the Court dated May 11, 2004. That Order and the Asset

---

[1] Trial is set to commence on February 15, 2007.

Sale Agreement obligated Defendant[] to purchase the dealership assets for the sum of $745,000.00 plus vehicles and parts."

On May 5, 2006, Defendant filed an answer to the Complaint. On August 1, 2006, Defendant filed a motion for summary judgment in the Bankruptcy Court. Defendant now moves to withdraw the reference of this action to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). For the reasons stated below, Defendant's motion will be dismissed without prejudice and Defendant will be granted leave to reinstate its motion at the conclusion of pre-trial proceedings and after the Bankruptcy Court has had an opportunity to make an initial determination as to whether Plaintiff's action is a core or non-core proceeding.

## II. BACKGROUND

The following facts are taken from the Bankruptcy Court's Findings of Fact and Conclusions of Law in its May 11, 2006 Sale Order. Debtor was in the business of selling, servicing and repairing motor vehicles for members of the general public and is the holder of a Sales and Service agreement for Dodge and Dodge Light Truck. Debtor commenced the Bankruptcy Case by filing a voluntary petition under Chapter 11 on February 18, 2004.

By order of the Bankruptcy Court dated April 16, 2004, Steven Z. Jurista was appointed Chapter 11 Trustee in the Bankruptcy Case. Prior to that appointment, the Debtor had applied to the Bankruptcy Court for approval of procedures regarding a proposed sale of substantially all of the Debtor's assets. Upon the appointment of the Trustee, the Trustee made recommendations to the Bankruptcy Court with regard to the sale procedures, which resulted in the entry of the Bid Procedures Order.

The terms of the proposed sale were fully set forth on the record before the Bankruptcy Court on May 5, 2004 and fully explained to all proposed bidders prior to bidding for the assets. At the conclusion of the bidding, the highest bidder for the purchase of the assets was Macjel, L.L.C. ("Macjel") for the sum of $825,000.00, plus the payment required under the Asset Sale Agreement for vehicles, parts and equipment. Fairway agreed to serve as the "Backup Bidder", with a bid in the amount of $745,000.00, plus vehicles and parts, subject to the same terms and conditions of the Macjel bid (the "Backup Bid"). In the event that Macjel failed to consummate the proposed sale of the Debtor's assets as required under the Asset Sale Agreement, the Trustee could consummate the sale of the Debtor's assets to Fairway upon terms and conditions substantially identical to those approved in the Sale Order, without further order of the court.

Additionally, the Bankruptcy Court ordered the following:

> [t]he Court shall retain jurisdiction to interpret and enforce the provisions of this Order, including among other things, jurisdiction to (a) interpret and enforce the provisions of this Order, (b) enforce the terms and conditions of the Asset Sale Agreement, (c) interpret and enforce the obligations of the Trustee and Macjel under the Asset Purchase Agreement, (d) interpret and enforce the terms and conditions of the new proposed Leases between the Landlord and Macjel, (e) protect Macjel against any cause of action or claim at law or in equity that any person or entity has or may claim to have against the Debtor; and (f) determine or resolve any and all objections to or disputes with respect to the claims for indemnification under the Asset Sale Agreement.

The following facts are taken from exhibits that were submitted by the parties. By letter dated July 29, 2004, DaimlerChrysler Corporation informed the Trustee that it "does not approve the proposed transfer of the assets of Chet Decker Dodge to Macjel L.L.C." In an August 4, 2004 letter, counsel to the Trustee demanded that Fairway, as the "Backup Bidder" return its

4

$100,000.00 deposit, execute an Asset Purchase Agreement, and submit to DaimlerChrysler Corporation an Application for Approval.  Fairway subsequently declined, and the Trustee filed the Complaint on February 3, 2006.

Defendant filed a motion for summary judgment in the Bankruptcy Court on August 1, 2006 and thereafter filed this motion on or about August 3, 2006 seeking withdrawal of the reference of this action to the Bankruptcy Court.

### III.  DISCUSSION

Pursuant to 28 U.S.C. § 157, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  "Thus, the statute requires in clear terms that cause can be shown before the reference can be withdrawn."  Pruitt v. Landmark Sav. Ass'n, 910 F.2d 1160, 1168 (3d Cir. 1990).  In making that determination, "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."  Id.

A bankruptcy court cannot conduct a jury trial in a non-core proceeding.  Gen. Elec. Capital Corp. v. Teo, No. 01-CV-1686, 2001 WL 1715777, at *4 (D.N.J. Dec. 14, 2001).  However, "'[p]roceedings should not be withdrawn for the sole reason that they are non-core.'  Instead, 'the "cause shown" requirement in section 157(d) creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.'"  Id. (citations omitted).  Importantly,

5

> [e]ven though decisions in this district have held that a defendant's "showing that it is entitled to a jury trial which it would be unable to receive in a bankruptcy court . . . is enough to establish 'cause' requiring withdrawal of reference," the mere fact that a Defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy.

Id. (quoting In re System Freight, Inc., 1991 WL 33150 at *4 (D.N.J. March 6, 1991)).  Instead, "even when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'" Id. at *5 (quoting In re Lands End Leasing, Inc., 193 B.R. 426, 436 (Bankr. D.N.J. 1996)).

In General Electric Capital, the debtor filed for relief under Chapter 11 of the United States Bankruptcy Code.  Thereafter, the plaintiff filed an adversary proceeding against the defendant claiming conversion, breach of fiduciary duty, tortious interference with contract, tortious interference with prospective economic advantage, and negligently caused economic loss.  In response, the defendant filed an answer and simultaneously moved the Bankruptcy Court to abstain from hearing the matter and moved the district court to withdraw reference of the matter.  The Bankruptcy Court denied defendant's motion for abstention and the district court decided the motion to withdraw reference.

In his moving papers, defendant argued that the adversary proceeding was non-core and that his right to trial by jury would be violated if the matter were not withdrawn from the Bankruptcy Court.  The court found:

> [d]espite Defendant's demand for a jury trial, the Court concludes

> that . . . [plaintiff's] action is best left before the Bankruptcy Court, at least until all pre-trial matters have been resolved. The Court reaches this conclusion because consideration of the *Pruitt* factors demonstrates that leaving the dispute before the Bankruptcy Court would promote uniformity in bankruptcy administration, reduce confusion, foster the economical use of the debtors' and creditors' resources, and most importantly expedite the bankruptcy process.

Id. The court also noted that "because there exists the prospect that this dispute will be resolved prior to trial, Defendant's argument regarding his right to a jury trial might eventually be mooted, thus defeating the sole argument asserted by defendant in favor of withdrawal." Id. at *6. Accordingly, the court dismissed defendant's motion without prejudice until such time as a jury trial would be necessary.

In addressing whether the dispute was core or non-core, the court found that the issue did not need to be resolved at that time. However, the court stated that the determination would ultimately have to be made because if the matter is a core proceeding then even if defendant's right to a jury trial persisted, the Bankruptcy Court would be able to conduct a jury trial on the merits. Id. The court found that because the core/non-core issue should be determined by the Bankruptcy Court, if defendant sought to re-submit his motion to withdraw reference prior to a jury trial, the Bankruptcy Court should first make that determination. Id. at *7. The court reasoned, "[t]his ruling will greatly speed the Court's eventual analysis of whether withdrawal for a final trial on the merits is ultimately warranted." Id.

In the present matter, Defendant argues that it has a right to a jury trial, has timely demanded a jury trial, and has reserved its right to move for withdrawal. Additionally, Defendant contends that because § 157(e) provides that a jury trial can only be held by the

Bankruptcy Court with "the express consent of all parties" and defendant does not consent, its motion should be granted and further proceedings in this matter should be conducted in the district court.

This Court finds that just as in <u>General Electric Capital</u>, this matter is best left before the Bankruptcy Court, at least until pre-trial matters have been resolved.  Using the <u>Pruitt</u> factors, it is clear that this will promote uniformity in bankruptcy administration, reduce forum shopping and confusion, foster the economical use of the debtors' and creditors' resources, and expedite the bankruptcy process.  Furthermore, because there is currently a motion for summary judgment pending before the Bankruptcy Court, Defendant's argument regarding its right to a jury trial may be mooted, thus defeating the sole argument asserted by defendant in favor of withdrawal.

### IV.  <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to withdraw the reference of this action to the United States Bankruptcy Court for the District of New Jersey pursuant to 28 U.S.C. § 157(d) will be dismissed without prejudice.  The Court will grant Defendant leave to reinstate its motion at the conclusion of pre-trial proceedings and after the Bankruptcy Court has had an opportunity to make an initial determination as to whether Plaintiff's action is a core or non-core proceeding.  The Court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:            October 23, 2006